UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCOTT ROSENBERG, | : |
| Plaintiff, | : Civil Action No.<br>: 09-1785-NLH-JS |
| v. | : **OPINION & ORDER** |
| LINCOLN FINANCIAL GROUP, et al., | : |
| Defendants, | : |
| INTERNATIONAL BUSINESS MACHINES CORP., | : |
| Third-Party Defendant. | : |

**APPEARANCES**:

Scott Rosenberg
157 Steelmanville Road
Egg Harbor Township, NJ 08234
*Plaintiff, Pro Se*

Mark A. Saloman, Esquire
Proskauer Rose, LLP
One Newark Center
Newark, NJ 07102
*Attorney for Defendant Ceridian Benefits Services, Inc.*

Jeffrey P. Resnick, Esquire
Sherman, Silverstein, Kohl, Rose & Podolsky, PC
4300 Haddonfield Road, Suite 311
Pennsauken, NJ 08109
*Attorney for Defendant Lincoln National Corp.*

Christine S. Orlando, Esquire
Edward S. Wardell, Esquire
Wardell, Craig, Annin & Baxter, LLP
41 Grove Street
Haddonfield, NJ 08033
*Attorneys for Defendant Aetna Life Insurance Company*

Michael K. Furey, Esquire
Riker, Danzig, Scherer, Hyland & Perretti, LLP
Headquarters Plaza
One Speedwell Ave.
Morristown, NJ 07962-1981
*Attorney for International Business Machines Corporation*

**HILLMAN, District Judge**

THIS MATTER having come before the Court on Plaintiff's Motion for Reconsideration of the Court's April 12, 2010 decision granting Defendants' Motions for Summary Judgment and denying Plaintiff's Motion for Partial Summary Judgment on Plaintiff's claims that Defendants improperly terminated his COBRA benefits; and

THE COURT NOTING THAT L. Civ. R. 7.1(i) provides, in relevant part, "A motion for reconsideration shall be served and filed within 14 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion"; and

THE COURT RECOGNIZING THAT the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999), and that a judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the

controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice, id.; and

    THE COURT FURTHER NOTING THAT a motion for reconsideration may not be used to re-litigate old matters or argue new matters that could have been raised before the original decision was reached, P. Schoenfeld Asset Mgmt., L.L.C. v. Cendant Corp., 161 F. Supp. 2d 349, 352 (D.N.J. 2001), and mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999), and should be dealt with through the normal appellate process, S.C. ex rel. C.C. v. Deptford Twp Bd. of Educ., 248 F. Supp. 2d 368, 381 (D.N.J. 2003); and

    IT APPEARING THAT Plaintiff has not alleged any intervening change in the controlling law or discovery of any new evidence since the entry of the Court's Order; and

    IT FURTHER APPEARING THAT Plaintiff also has not demonstrated that the Court needs to correct a clear error of law[1] or fact or prevent manifest injustice;

---

[1] Plaintiff even concedes this point.  In his Motion for Reconsideration, Plaintiff acknowledges that no law obligated Defendant Ceridian to provide him with any written guarantee of coverage before Plaintiff paid his COBRA premium.  Acknowledging

IT FURTHER APPEARING THAT Plaintiff asserts that the Court erred by making improper findings of fact and improperly weighing the evidence in favor of Defendants; and

THE COURT FINDING THAT it made no findings of fact in its Opinion dated April 12, 2010, but rather applied the summary judgment standard and ultimately determined that Plaintiff failed to present any genuine issues of material fact capable of supporting his claims[2]; and

---

the absence of law, Plaintiff concludes that "it may be time to make some."

[2] Plaintiff does not comprehend the summary judgment standard. Summary judgment is <u>not permitted</u> when there is a <u>dispute of material facts</u>. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted"). A dispute of nonmaterial facts does not preclude an entry of summary judgment. *See* <u>Id.</u> In his Motion, Plaintiff alleges the Court improperly relied upon Defendants' characterization of the facts. The Court disagrees. Even if we accept Plaintiff's depiction of the Court's April 12, 2010 Opinion, reconsideration is still not appropriate. All the facts Plaintiff describes in his Motion that allegedly favored Defendants were not material or relevant to the outcome of the case. For example, Plaintiff challenges the exact date Defendant Ceridian received his COBRA premium payment. For purposes of summary judgment in this case, however, the exact date of Defendant Ceridian's receipt is irrelevant. Whether the payment was received the date Plaintiff alleges or the following day, the date Defendant Ceridian states, is not a material fact and is, therefore, not relevant for purposes of summary judgment. Despite Plaintiff's claims, no material facts are in dispute. The undisputed material facts are: Plaintiff timely paid his COBRA premium, but received a letter indicating his COBRA coverage terminated. All parties agree this letter was erroneously sent. In response, Plaintiff placed a stop payment order on his premium payment check. A few days later, Plaintiff telephoned Defendant Ceridian and was told his COBRA payment was

THE COURT FURTHER FINDING THAT Plaintiff's current Motion is simply a reargument of his Partial Motion for Summary Judgment and his opposition to Defendants' Motions for Summary Judgment, and reiterates the same points this Court already addressed and rejected; and

THE COURT FURTHER FINDING THAT Plaintiff's Motion is a disagreement with the Court's decision; and

THE COURT FURTHER FINDING THAT all of Plaintiff's arguments were considered and rejected in the Court's April 12, 2010 Opinion and that, as noted above, mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, <u>Compaction Sys. Corp.</u>, 88 F. Supp. 2d at 345;

Accordingly,

**IT IS HEREBY ORDERED** on this <u>21st</u> day of October, 2010, that

---

timely and that he should disregard the letter.  Plaintiff demanded a second letter, which was not sent, rescinding the initial letter.  When Defendant Ceridian attempted to cash Plaintiff's COBRA premium payment check, it was returned due to a stopped payment.  Subsequently, Defendant Ceridian sent Plaintiff another letter indicating his COBRA coverage terminated for failure to pay the premium.  At some point following the receipt of this letter, Plaintiff contacted Defendant Lincoln and was advised that if he sent the outstanding premium payments by February 4, 2008, his COBRA benefits would be reinstated.  Plaintiff failed to submit any payment or proof of payment by the aforementioned date.  These are the material facts and are not in dispute.  Therefore, the Court properly relied upon them to grant summary judgment on behalf of Defendants.

Plaintiff's Motion for Reconsideration [74] is **DENIED**.


                                                                             s/ Noel L. Hillman

At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.